NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PIETER EKA JAYASAPUTRA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-70270

Agency No. A098-456-296

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016\*\*

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Pieter Eka Jayasaputra, a native and citizen of Indonesia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Jayasaputra's past harm, considered cumulatively, did not rise to the level of persecution. *See id*. at 975-76 (applicant who was stripped, spat on, threatened, and denied medical attention as a child, wrongfully detained by police, and beaten by a mob did not establish past persecution). Substantial evidence also supports the agency's determination that Jayasaputra did not establish a well-founded fear of future persecution because, even under a disfavored group analysis, he failed to show sufficient individualized risk of persecution. *See id*. at 977-79. We reject Jayasaputra's contention that the BIA committed legal error in requiring that he show a particularized threat of harm as a member of a disfavored group. *See id*. Thus, we deny the petition as to Jayasaputra's asylum claim.

Because Jayasaputra did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of

15-70270

Jayasaputra's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED**.